UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW HORIZONS EDUCATION CORPORATION,
NEW HORIZONS FRANCHISING
GROUP, INC. and LTSI Inc.,

|  |  |  |
|---|---|---|
| | Plaintiffs, | **COMPLAINT** |
| -v- | | Civil Action No. 5:18-CV-1223 |
| | | (BKS/DEP) |

KROLAK TECHNOLOGY MANAGEMENT OF
SYRACUSE, LLC, KROLAK TECHNOLOGY
MANAGEMENT LLC, JASON KROLAK, and
TODD KROLAK.

                          Defendants.
_____

Plaintiffs New Horizons Education Corporation, New Horizons Franchising

Group, Inc., and LTSI Inc. (collectively, "Plaintiffs") for their Complaint allege as follows.

## THE PARTIES

1.      New Horizons Education Corporation is a corporation organized under the

laws of Delaware with its principal office located at 1900 S. State College Blvd., Suite

450, Anaheim, California 92806.

2.      New Horizons Franchising Group, Inc. ("New Horizons") is a corporation

organized under the laws of Delaware with its principal office located at 1900 S. State

College Blvd., Suite 450, Anaheim, California 92806.

3.      LTSI Inc. ("LTSI") is a corporation organized under the laws of New York

with its principal office located at 3535 Winton Place, Rochester, New York 14623.

1

4.      Krolak Technology Management of Syracuse, LLC ("Krolak Syracuse") is a New York limited liability company, with an office located at 6711 Towpath Road, Suite 100 East Syracuse, NY 13057.

5.      Krolak Technology Management LLC ("Krolak Albany") is a New York limited liability company with an office located at 15 Cornell Road, Latham, New York.

6.      Jason Krolak is an individual who, upon information and belief, resides at 8 Fairleigh Way, Ballston Lake, New York and is the managing member of Krolak Syracuse and Krolak Albany.

7.      Todd Krolak is an individual who, upon information and belief, resides at 31 Summerlin Drive, Clifton Park, New York.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to (1) 28 U.S.C. §§ 1331, 1338(a) and (b); (2) 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq.; (3) 28 U.S.C. § 1332, as it involves a dispute amongst citizens of different states, with an amount in controversy in excess of $75,000 irrespective of costs or interests; and (4) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside or are found in this judicial district and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

3229153.2 10/15/2018

## **FACTS**

I.    New Horizons

10.    New Horizons licenses independent computer training businesses as franchisees of New Horizons and has been in business since 1982.  Currently, New Horizons has approximately 300 licensed franchisees, spanning 70 countries.

11.    New Horizons Education Corporation has registered the following trade/service marks with the United States Patent and Trademark Office (the "Marks").

| REGISTRATION NUMBER | TRADEMARK/SERVICE MARK | INTERNATIONAL CLASS AND GOODS/SERVICES |
|---|---|---|
| 1,337,233 | NEW HORIZONS | Classes 41 & 42<br>41 – Educational services – namely, conducting courses dealing with computer operations<br>42 – Computer services - namely, providing Internet based training |
| 2,064,665 | | Class 41<br>Educational services – namely, conducting courses dealing with computer operations |
| 2,281,596 | | Class 9<br>Multimedia software recorded on CD-rom containing instructional materials pertaining to the use of computer software and hardware |
| 2,515,371 | NEW HORIZONS | Class 9<br>Multimedia software recorded on CD-rom containing instructional materials |

3

| REGISTRATION NUMBER | TRADEMARK/SERVICE MARK | INTERNATIONAL CLASS AND GOODS/SERVICES |
|---|---|---|
| | | pertaining to the use of computer software and hardware |
| 2,616,283 | NEW HORIZONS | Classes 16 and 41<br><br>16- Printed instructional materials pertaining to the use of computer software and hardware<br><br>41– Educational services – namely, conducting courses dealing with computer operations |
| 2,726,462 | | Classes 16, 38, 41 and 42<br><br>16 - Printed instructional materials pertaining to the use of computer software and hardware<br><br>38 – Providing on-line electronic bulletin boards chat rooms<br><br>41– Educational services – namely, conducting courses dealing with computer operations<br><br>42 – Computer services - namely, providing Internet based training |
| 2,722,250 | NEW HORIZONS ONLINE LIVE LEARNING | Classes 16, 38, 41 and 42<br><br>16 - Printed instructional materials pertaining to the use of computer software and hardware<br><br>38 – Providing on-line electronic bulletin boards chat rooms<br><br>41– Educational services – namely, conducting courses |

4

| REGISTRATION NUMBER | TRADEMARK/SERVICE MARK | INTERNATIONAL CLASS AND GOODS/SERVICES |
|---|---|---|
| | | dealing with computer operations<br>42 – Computer services - namely, providing Internet based training |
| 2,749,863 | NEW HORIZONS ONLINE ANYTIME LEARNING | Class 16<br>16 - Printed instructional materials pertaining to the use of computer software and hardware |
| 2,836,345 | NEW HORIZONS | Classes 38, 41 and 42<br>38 – Providing on-line electronic bulletin boards chat rooms<br>41– Educational services – namely, conducting courses dealing with computer operations<br>42 – Computer services - namely, providing Internet based training |
| 3,286,936 |  | Classes 16, 38, 41 and 42<br>16 - Printed instructional materials pertaining to the use of computer software and hardware<br>38 – Providing on-line electronic bulletin boards chat rooms<br>41– Educational services – namely, conducting courses dealing with computer operations<br>42 – Computer services - namely, providing Internet based training |

5

| REGISTRATION NUMBER | TRADEMARK/SERVICE MARK | INTERNATIONAL CLASS AND GOODS/SERVICES |
|---|---|---|
| 3231684 | ONLINE LIVE | Classes 16 and 42<br><br>16 - Printed instructional materials pertaining to the use of computer software and hardware<br><br>42 – Computer services - namely, providing Internet based training |
| 3329061 | ONLINE LIVE | Classes 38 and 41<br><br>38 – Providing on-line electronic bulletin boards chat rooms<br><br>41– Educational services – namely, conducting courses dealing with computer operations |
| 3827109 | MENTORED LEARNING | Class 41<br><br>41– Educational services, namely conducting courses related to the use of computer software and hardware, non-technical business skills and professional development and providing training in professional skills in the use of computer software and hardware and distribution of course materials in connection therewith; providing interactive, on-line newsletters that are accessed via a global computer network and featuring information on computers. |

3229153.2 10/15/2018

12.     New Horizons Education Corporation has delegated to New Horizons the right to license the use of the Marks and other intellectual property of New Horizons Education Corporation to New Horizons franchisees.  Through the use of New Horizons' intellectual property, including New Horizons' confidential and proprietary systems, Marks, information and materials, New Horizons' franchisees provide computer skills and professional training to individuals.

II.     <u>The Albany and Syracuse Franchises</u>

13.     On or about June 30, 2014, New Horizons, Krolak Albany, and Jason Krolak entered into a Franchise Agreement (the "Albany Franchise Agreement").

14.     On or about December 18, 2016, New Horizons, Krolak Syracuse, Jason Krolak, and Todd Krolak entered into a separate Franchise Agreement (the "Syracuse Franchise Agreement").

15.     Pursuant to the Albany Franchise Agreement, New Horizons granted Krolak Albany a nonexclusive license and franchise to operate a New Horizons computer learning/training center for a specified term within a specified territory in the greater Albany, New York area.

16.     Pursuant to the Syracuse Franchise Agreement, New Horizons granted Krolak Syracuse a nonexclusive license and franchise to operate a New Horizons computer learning/training center for a specified term within a specified territory in the greater Syracuse, New York area.

17.     Pursuant to the Albany and Syracuse Franchise Agreements, New Horizons provided Krolak Albany, Krolak Syracuse and Jason Krolak with confidential

3229153.2 10/15/2018

and trade secret information, including specialized training, customer, financial, marketing, operating, and performance information.

18.     More specifically, New Horizons provided Krolak Albany, Krolak Syracuse and Jason Krolak with New Horizons' Confidential Operations Manual ("COM").

19.     The COM sets forth New Horizons' proprietary standards and methods for operating a New Horizons franchise.

20.     In addition, New Horizons provided Krolak Albany, Krolak Syracuse, and Jason Krolak with access to New Horizons' web based extranet, which contains confidential and proprietary products, documents, and class offerings for use in connection with operating a New Horizons franchise.

21.     New Horizons also provided Krolak Albany, Krolak Syracuse, and Jason Krolak with access to New Horizons' Center Management System ("CMS").

22.     The CMS is a software service that manages contacts, student enrollments, class inventories and accounts receivable.

23.     Pursuant to the Albany Franchise Agreement Krolak Albany operated a computer learning/training center at 15 Cornell Road, Latham, New York.

24.     Pursuant to the Syracuse Franchise Agreement, Krolak Syracuse operated a computer learning/training center at 6711 Towpath Road, Suite 100 East Syracuse, NY.

25.     Article IV of the Albany and Syracuse Franchise Agreements requires that Krolak Albany and Krolak Syracuse pay certain royalties and fees to New Horizons.

26.     Jason Krolak personally guaranteed payment of the royalties and fees under the Albany and Syracuse Franchise Agreements.

8

27.     Todd Krolak personally guaranteed payment of the royalties and fees under the Syracuse Franchise Agreement.

28.     Krolak Albany breached the Albany Franchise Agreement by failing to pay the royalties and fees due.

29.     Krolak Syracuse breached the Syracuse Franchise Agreement by failing to pay the royalties and fees due.

30.     By letter dated August 27, 2018, New Horizons terminated the Syracuse Franchise Agreement for failure to make the required payments due under the Agreement.

31.     By letter dated September 19, 2018, New Horizons terminated the Albany Franchise Agreement for failure to make the required payments due under the Agreement.

32.     The termination of the Albany and Syracuse Franchise Agreements triggered various obligations of Krolak Albany and Krolak Syracuse under Article XII of the respective Franchise Agreements.

33.     As specified in the termination letters, Krolak Albany and Krolak Syracuse were obligated to:

- remove, at Krolak Albany/Syracuse's expense, all signs erected or used by Krolak Albany/Syracuse which bear New Horizons' marks, or any word or mark indicating that Krolak Albany/Syracuse is associated or affiliated with New Horizons;

- erase or obliterate from letterhead, stationary, printed matter, advertising or other forms used by Krolak Albany/Syracuse and any word or mark indicating that Krolak Albany/Syracuse is associated or affiliated with New Horizons;

9

- permanently discontinue any advertising of Krolak Albany/Syracuse which indicated directly or indirectly that Krolak Albany/Syracuse is associated or affiliated with New Horizons;

- refrain from doing anything which would indicate that Krolak Albany/Syracuse is or ever was an authorized franchisee of New Horizons including without limitation indicating (directly or indirectly) that Krolak Albany/Syracuse was licensed to use New Horizons' marks or any other distinctive New Horizons' system features or that Krolak Albany/Syracuse at any time operated under any name, word or mark associated or affiliated with New Horizons;

- return, at Krolak Albany/Syracuse's expense, any and all copies of the COM, software manuals and documentation, and other communications media previously furnished to Krolak Albany/Syracuse by New Horizons;

- assign to New Horizons all of Krolak Albany/Syracuse's interest in and rights to all telephone numbers, all telephone directory listings, domain names or websites applicable Krolak Albany/Syracuse's, New York computer learning center in use as of the termination date and take all actions necessary to change immediately all such telephone numbers and telephone directory listings;

- make Krolak Albany/Syracuse's books and records available to New Horizons' representatives who shall conduct a termination audit; and

- Pay all amounts outstanding to New Horizons.

34.    To date, neither Krolak Albany nor Krolak Syracuse has performed any of the foregoing obligations.

III.    <u>LTSI</u>

35.    Following the termination of the Albany Franchise Agreement and Syracuse Franchise Agreement, New Horizons awarded the franchises formerly operated by Krolak Albany and Krolak Syracuse to LTSI. The franchise agreements pertaining to those locations were made effective on September 20, 2018 (the "LTSI Franchise Agreements").

10

36.     The LTSI Franchise Agreements granted various franchise rights to LTSI including, but not limited to the exclusive right to provide instructor led training courses under the New Horizons name from any business premises within the Syracuse and Albany territories.

37.     In addition to the payment made to New Horizons to secure the aforementioned franchise rights, LTSI also has and is continuing to invest in personnel and facility space in order to operate these franchises.  These investments were made in reliance of the fact that LTSI would be the exclusive provider of New Horizons computer training courses in the Syracuse and Albany territories.  Jason Krolak Continues to Operate Training Centers in the Territories

38.     Since assuming the Albany and Syracuse franchises, LTSI has received reports that Jason Krolak, individually and/or through Krolak Syracuse and Krolak Albany, was continuing to offer computer training courses, under the New Horizons' name, in both Albany and Syracuse.

39.     In the case of Syracuse, although the facility located at 6711 Towpath Road was closed, Jason Krolak continued to solicit business and/or accept payment for computer training courses after August 27, 2018.  Upon information and belief, he has done so with regard to, at a minimum, Alvogen Pharmaceuticals, Molina Healthcare, the Air Force Research Laboratory, Anaren Microwave, and the Mohawk Valley Water Authority.  This behavior is consistent with the statement made by Jason Krolak to a former employee on or about August 27, 2018 that, although the Towpath Road facility was closed, he planned to open up "a new branch" soon thereafter.

3229153.2 10/15/2018

40.     This activity constitutes, among other things, counterfeit use of New Horizons' trademarks.  It further interferes with LTSI's right to exclusively market and sell New Horizons courseware in the Syracuse region under those marks.

41.      In the case of Albany, Jason Krolak and/or Krolak Albany continue to operate the training facility located at 15 Cornell Road in Latham, New York.  On September 25, 2018, and again on October 1, 2018 and October 9, 2018, LTSI observed a functioning training center at that location, with included signage identifying the location as "New Horizons CLC of Albany."  When one calls the telephone number associated with this facility after hours, the greeting begins "Thank you for calling New Horizons."

42.     Additionally, Jason Krolak and/or Krolak Albany continued to use New Horizons' trademarked logo in e-mail correspondence, and on business cards. They also continue to market via LinkedIn, Instagram, and Facebook, still using the New Horizons name and logo as part of these efforts.

43.     As with the Syracuse region, this activity constitutes, among other things, counterfeit use of New Horizons' trademarks.  It further interferes with LTSI's right to exclusively market and sell New Horizons courseware in the Albany region under those Marks.

**FIRST CAUSE OF ACTION**
**VIOLATION OF SECTION 32 OF THE LANHAM ACT**

44.     Plaintiffs repeat paragraphs 1-43 above as if set forth fully herein.

45.     The Marks are in full force and effect and are enforceable.

46.     The Marks are widely known as being associated with New Horizons' computer learning/training centers.

3229153.2 10/15/2018

47.     Krolak Albany, Krolak Syracuse, and Jason Krolak continue to use the Marks in furtherance of their computer learning/training business without authorization or consent from New Horizons Education Corporation or New Horizons.

48.      Krolak Albany, Krolak Syracuse, and Jason Krolak continue to use the Marks in their signage, advertising, and promotional material, including on social media.

49.     Krolak Albany, Krolak Syracuse, and Jason Krolak continue to refer to their computer learning/training centers, to the general public and when soliciting potential customers, as New Horizons, both orally (in person and over the phone) and in print.

50.     Krolak Albany, Krolak Syracuse, and Jason Krolak's use of the Marks is intended to cause, has caused, and is likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether the computer learning/training centers operated by Krolak Albany, Krolak Syracuse, and Jason Krolak are licensed franchisees or otherwise affiliated with and/or approved by New Horizons.

51.     Krolak Albany, Krolak Syracuse, and Jason Krolak's unauthorized use of the Marks was done and is being done willfully and with knowledge of New Horizons Education Corporation and New Horizons ownership of the Marks.

52.     Krolak Albany, Krolak Syracuse, and Jason Krolak's unauthorized use of the Marks was done and is being done to unjustly benefit from the good will and reputation of New Horizons and the Marks.

53.     Krolak Albany, Krolak Syracuse, and Jason Krolak's unauthorized use of the Marks is a violation of 15 U.S.C. § 1114(1)(a).

54.     Krolak Albany, Krolak Syracuse, and Jason Krolak's unauthorized use of the marks constitutes counterfeit use of the Marks and is a violation of 15. U.S.C. 1114(1)(b).

55.     Krolak Albany, Krolak Syracuse, and Jason Krolak's actions have caused, and unless enjoined, will continue to cause irreparable damage, harm and injury to New Horizons Education Corporation and New Horizons, including harm and injury to their business reputation and goodwill for which there is no adequate remedy at law.

56.     New Horizons and New Horizons Education Corporation are entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

57.     Pursuant to 15 U.S.C. § 1117(a) New Horizons and New Horizons Education Corporation are entitled to recover damages in an amount to be determined at trial, including the profits made by Krolak Albany, Krolak Syracuse, and Jason Krolak through their unauthorized and counterfeit use of the Marks.

58.     New Horizons Education Corporation and New Horizons are also entitled to treble damages, reasonable attorneys' fees, and prejudgment interest pursuant to 15 U.S.C. § 1117(a) and (b).

**SECOND CAUSE OF ACTION**
**<u>VIOLATION OF SECTION 43 OF THE LANHAM ACT</u>**

59.     Plaintiffs repeat and reallege paragraphs 1-58 above as if set forth fully herein.

60.     Krolak Albany, Krolak Syracuse, and Jason Krolak's acts alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, or false or misleading description

14

of fact, or false or misleading representation of fact, in connection with the sale or offering for sale of goods or services in violation of 15 U.S.C. § 1125(a).

61.     Krolak Albany, Krolak Syracuse, and Jason Krolak's acts have caused and are likely to continue to cause confusion, mistake, and/or deceit to consumers and the public as to the affiliation, connection, or association of Krolak Albany, Krolak Syracuse, and Jason Krolak with New Horizons and/or New Horizons Education Corporation, or as to the origin, sponsorship or approval of the infringing products/services.

62.     In other words, Krolak Albany, Krolak Syracuse, and Jason Krolak's actions were intended to cause, have caused, and are likely to continue to cause consumers and the public to believe in error that the computer learning/training centers operated by Krolak Albany, Krolak Syracuse, and Jason Krolak have been authorized, sponsored, approved, endorsed or licensed by New Horizons and/or New Horizons Education Corporation or that New Horizons and/or New Horizons Education Corporation are in some way affiliated with Krolak Albany, Krolak Syracuse, and Jason Krolak.

63.     Krolak Albany, Krolak Syracuse, and Jason Krolak's actions alleged herein violate 15 U.S.C. § 1125(a).

64.     New Horizons and New Horizons Education Corporation are entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

65.     Pursuant to 15 U.S.C. § 1117(a) New Horizons and New Horizons Education Corporation are entitled to recover damages in an amount to be determined

at trial including the profits made by Krolak Albany, Krolak Syracuse, and Jason Krolak through their use of the Marks.

66.      New Horizons Education Corporation and New Horizons are also entitled to treble damages, reasonable attorneys' fees, and prejudgment interest pursuant to 15 U.S.C. § 1117(a) and (b).

## THIRD CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER NY COMMON LAW

67.      Plaintiffs repeat and reallage paragraphs 1-66 above as if set forth fully herein.

68.      The Marks are valid trademarks under New York State common law.

69.      Krolak Albany, Krolak Syracuse, and Jason Krolak's use of the Marks without New Horizons and New Horizons Education Corporation's consent constitute trademark infringement.

70.      New Horizons and New Horizons Education Corporation are entitled to an injunction enjoining the trademark infringement and damages.

## FOURTH CAUSE OF ACTION
## BREACH OF THE FRANCHISE AGREEMENTS

Plaintiffs repeat and realllege paragraphs 1-70 above as if set forth fully herein.

71.      Krolak Albany, Krolak Syracuse, and Jason Krolak have breached the Albany and Syracuse Franchise Agreements by their continued use of the Marks and other New Horizons intellectual property and confidential information after termination of the Franchise Agreements.

72.      Krolak Albany, Krolak Syracuse, and Jason Krolak breached the Albany and Syracuse Franchise Agreements by their failure to comply with requirements set

16

forth in Article XII of the Franchise Agreements and set forth in the termination letters as set forth above.

73.     Paragraph 8.10(f) of the Albany and Syracuse Franchise Agreements precludes Krolak Albany, Krolak Syracuse, and Jason Krolak from operating a computer learning/training center or otherwise competing with New Horizons within the greater Albany and Syracuse areas for 1 year after termination of the respective Agreements.

74.     Paragraph 8.10(f) of the Albany and Syracuse Franchise Agreements is reasonable in scope and necessary to protect New Horizons' legitimate interests.

75.     Krolak Albany, Krolak Syracuse, and Jason Krolak breached paragraph 8.10(f) of the Albany and Syracuse Franchise Agreements by continuing to operate computer learning/training centers in the greater Syracuse and Albany areas and/or otherwise competing with New Horizons in those areas.

76.     Pursuant to paragraphs 8.10(e) and (j) of the Franchise Agreements New Horizons is entitled to an injunction to enjoin the foregoing breaches.

77.     Krolak Albany, Krolak Syracuse, and Jason Krolak also breached the Albany and Syracuse Franchise Agreements by their failure to pay royalties and fees due to New Horizons.

78.     In addition, Todd Krolak breached the Syracuse Franchise Agreement by his failure to pay royalties and fees due to New Horizons.

79.     Based on Krolak Albany and Jason Krolak's failure to pay royalties and fees due under the Albany Franchise Agreement, New Horizons is entitled to damages of no less than $97,618.40, plus attorneys' fees.

17

80.     Based on Krolak Syracuse, Jason Krolak, and Todd Krolak's failure to pay royalties and fees due under the Syracuse Franchise Agreement, New Horizons is entitled to damages of no less than $347,885.56, plus attorneys' fees.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION

81.     Plaintiffs repeat and reallege paragraphs 1-80 above as if set forth fully herein.

82.     Krolak Albany, Krolak Syracuse, and Jason Krolak's actions complained of herein constitute a misappropriation of Plaintiffs' labors and expenditures.

83.     These actions were taken in bad faith.  Despite repeated demands that Krolak Albany, Krolak Syracuse, and Jason Krolak discontinue use of New Horizons' trademarks and cease competing with New Horizons and LTSI in the Syracuse and Albany regions, Krolak Albany, Krolak Syracuse, and Jason Krolak continue to do so with full knowledge of the wrongfulness of this conduct.

84.     Indeed, Krolak Albany, Krolak Syracuse, and Jason Krolak have asked to be relieved of the obligations imposed on a terminated franchisee by the Syracuse Franchise Agreement and the Albany Franchise Agreement.  New Horizons has refused to waive the protections of those agreements.

85.     There is evidence that Krolak Albany, Krolak Syracuse, and Jason Krolak have, and continue to, divert business opportunities from Plaintiffs as a result of their unfair conduct.  Thus has resulted, and will continue to result in, damage to Plaintiffs in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE**

86.     Plaintiffs repeat and reallege paragraphs 1-85 above as if set forth fully

herein.

87.     The LTSI Franchise Agreements are valid and enforceable agreements,

and give LTSI the exclusive right to provide instructor led training courses under the

New Horizons name from any business premises within the Syracuse and Albany

territories.

88.     Under the rights granted by the LTSI Franchise Agreements, LTSI has

marketed, and continued to market, instructor-led training courses under the New

Horizons name in the Syracuse and Albany territories.

89.     By marketing competing training courses in those regions under the New

Horizons name, and accepting payments for such competing courses, the Defendants

have interfered, and are interfering with, contractual relations or business with

prospective clients.

90.     Defendants are aware of the prohibitions on competitive activity in the

Syracuse and Albany territories, as well as the revocation of their rights to use New

Horizons Marks.

91.     They have, nonetheless, elected to violate both obligations and continue

to operate in the Syracuse and Albany territories.  Particularly with regard to the

continued use of New Horizons Marks, such conduct constitutes dishonest, unfair

and/or improper behavior.

92.     As a result of this conduct, prospective LTSI clients have been confused

and frustrated.  Indeed, in at least one case, a prospective client would have purchased

competing training courses from the Defendants but for LTSI informing that client of the

revocation of Defendants' franchise rights.  Therefore, upon information and belief,

prospective LTSI clients have either (a) purchased competing courses from Defendants,

or (b) purchased courses from a third party due to the aforementioned confusion and

frustration.

93.     In addition, as a result of Defendants' conduct, LTSI has failed to realize

the full value of its investment in personnel and facility space in order to operate its

franchises in the Syracuse and Albany regions.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment

against Defendants as follow:

A.     Adjudicating that Defendants have:

1.     violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

2.     violated Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

3.     breached the Albany and Syracuse Franchise Agreements;

4.     engaged in trademark infringement in violation of New York

common law;

5.     engaged in unfair competition; and

6.     engaged in tortious interference with economic advantage.

B.     Granting a temporary restraining order, preliminary, and permanent

injunction, pursuant to Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116(a), the

common law of the State of New York, and the Albany and Syracuse Franchise

Agreements restraining and enjoining Defendants from using the Marks, operating a

computer learning/training center within the greater Syracuse and Albany areas and

3229153.2 10/15/2018

otherwise engaging in competing acts in violation of paragraph 8.10(f) of the Albany and

Syracuse Franchise Agreements, and

compelling Defendants to:

- remove, at Krolak Albany/Syracuse's expense, all signs erected or used by Krolak Albany/Syracuse which bear New Horizons' marks, or any word or mark indicating that Krolak Albany/Syracuse is associated or affiliated with New Horizons;

- erase or obliterate from letterhead, stationary, printed matter, advertising or other forms used by Krolak Albany/Syracuse and any word or mark indicating that Krolak Albany/Syracuse is associated or affiliated with New Horizons;

- permanently discontinue any advertising of Krolak Albany/Syracuse which indicated directly or indirectly that Krolak Albany/Syracuse is associated or affiliated with New Horizons;

- refrain from doing anything which would indicate that Krolak Albany/Syracuse is or ever was an authorized franchisee of New Horizons including without limitation indicating (directly or indirectly) that Krolak Albany/Syracuse was licensed to use New Horizons' marks or any other distinctive New Horizons' system features or that Krolak Albany/Syracuse at any time operated under any name, word or mark associated or affiliated with New Horizons;

- return, at Krolak Albany/Syracuse's expense, any and all copies of the COM, software manuals and documentation, and other communications media previously furnished to Krolak Albany/Syracuse by New Horizons;

- assign to New Horizons all of Krolak Albany/Syracuse's interest in and rights to all telephone numbers, all telephone directory listings, domain names or websites applicable Krolak Albany/Syracuse's, New York computer learning center in use as of the termination date and take all actions necessary to change immediately all such telephone numbers and telephone directory listings;

- make Krolak Albany/Syracuse's books and records available to New Horizons' representatives who shall conduct a termination audit; and

- Pay all amounts outstanding to New Horizons.

C.     Awarding Plaintiffs damages in an amount to be determined at trial.

3229153.2 10/15/2018

     D.     Awarding Plaintiffs such additional and further relief as the Court deems

just and proper.

October 15, 2018                                     BOND, SCHOENECK & KING, PLLC

                                             By:   s/ J.P. Wright

                                               J.P. Wright
                                               One Lincoln Center
                                               Syracuse, NY 13202
                                               Tel. 315-218-8565
                                               Email: jwright@bsk.com
                                               Bar Roll No. 515542

                                         *Attorneys for New Horizons Education*
                                         *Corporation and New Horizons*
                                         *Franchising Group, Inc.*

                                         WARD GREENBERG HELLER &
                                         REIDY, LLP

                                         By:   s/ Jeffrey J. Harradine

                                             Jeffrey J. Harradine
                                           1800 Bausch & Lomb Place
                                           Rochester, New York 14604
                                           Tel. 585-454-0700
                                   Email: jharradine@wardgreenberg.com
                                           Bar Roll No. 517323

                                         *Attorneys for LTSI Inc.*

3229153.2 10/15/2018